**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**CHARLES THEOLOGOS, JR., Individually, and**
**On Behalf of the Estate and Wrongful Death Beneficiaries**
**of CHARLES THEOLOGOS, SR., DECEASED**                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:21-cv-66-HSO-JCG**

**SOUTHERN HOME CARE SERVICES, INC.**
**D/B/A ALL WAYS CARING HOMECARE;**
**BROOKDALE SENIOR LIVING, INC.; and**
**JANE DOES A-G AND JOHN DOES A-G**                          **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT,** through undersigned counsel, comes Southern Home Care Services, Inc. d/b/a All Ways Caring Homecare (hereinafter, "Southern Home"), who, for answer to the Complaint of Charles Theologos, Jr. ("Complainant"), avers as follows:

### I.  PARTIES

**1.**

Paragraphs 1 and 2 of the Complaint are denied for lack of information sufficient to justify a belief therein.

**2.**

Paragraph 3 of the Complaint is admitted.

**3.**

Paragraphs 4 & 5 of the Complaint and the allegations therein are not directed to Southern Home and therefore do not require a response.  However, to the extent a response is required,

Southern Home denies the allegations of Paragraphs 4 & 5 for lack of information sufficient to justify a belief therein.

## JURISDICTION AND VENUE

### 4.

Paragraphs 6, 7, and 10 are admitted, however, Southern Home has removed the present lawsuit to this Honorable Court pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446, i.e. jurisdiction based upon the diversity of the parties.  Southern Home asserts and admits that the United States District Court for the Southern District of Mississippi has jurisdiction and venue over Complainant's claims and the present lawsuit is properly before this Honorable Court.

### 5.

Paragraph 8 is denied for lack of information sufficient to justify a belief therein.

### 6.

Paragraph 9 of the Complaint is admitted.

## FACTS

### 7.

Paragraph 11 is denied, except to admit Charles Theologos, Sr., was admitted to Brookdale Senior Living Center on September 25, 2020.

### 8.

Paragraph 12 of the Complaint is denied.

**9.**

Paragraphs 13, 14, 15 & 16 of the Complaint are denied.

## **CAUSES OF ACTION**
## **COUNT 1 - NEGLIGENCE**

**10.**

The allegations contained in Paragraph 17 of the Complaint are denied, and Southern Home also incorporates, by reference, its answers to the preceding paragraphs as if fully set forth herein.

**11.**

The allegations contained in Paragraphs 18, 19, 20, 21, 22, 23, and its subparts 23(a), 23(b), 23(c), and 23(d), and Paragraphs 24, 25, and 26 are all denied.

**12.**

The allegations contained in Paragraphs 27 and 28 of the Complaint are not directed to Southern Home, and therefore a response is not required, however, to the extent a response is required, Southern Home denies the allegations contained in Paragraph 27 of the Complaint for lack of information sufficient to justify a belief therein and to the extent that they purport to impose any liability upon Southern Home.

**13.**

The allegations contained in Paragraph 29 of the Complaint are denied.

## COUNT 2 – GROSS NEGLIGENCE

**14.**

The allegations contained in Paragraph 30 of the Complaint are denied and Southern Home incorporates, by reference, its answers to the preceding paragraphs as if fully set forth herein.

**15.**

The allegations contained in Paragraphs 31, 32, and 33 of the Complaint are denied.

## COUNT 3 – WRONGFUL DEATH

**16.**

The allegations contained in Paragraph 34 of the Complaint are denied, and Southern Home incorporates, by reference, its answers to the preceding paragraphs as if fully set forth herein.

**17.**

The allegations contained in Paragraph 35 of the Complaint are all denied.

## COUNT 4 – PUNITIVE DAMAGES

**18.**

The allegations contained in Paragraph 36 of the Complaint are denied, and Southern Home incorporates by reference, its answers to the preceding paragraphs as if fully set forth herein.

**19.**

The allegations contained in Paragraph 37 of the Complaint are denied.

## COUNT 5 – RESPONDEAT SUPERIOR

**20.**

The allegations contained in Paragraph 38 of the Complaint are denied and Southern Home incorporates by reference, its answers to the preceding paragraphs as if fully set forth herein.

**21.**

The allegations contained in Paragraphs 39, 40, and 41 of the Complaint are all denied.

## DAMAGES

**22.**

The allegations contained in Paragraphs 42, 43, 44 & 45 of the Complaint are all denied.

## AFFIRMATIVE DEFENSES

**23.**

FURTHER ANSWERING, defendant avers the Complaint fails to state a claim against Southern Home upon which relief can be granted;

**24.**

FURTHER ANSWERING, defendant avers this action is barred by all applicable statutes of limitation;

**25.**

FURTHER ANSWERING, defendant avers Complainant's injuries, if any, were the result of acts by third parties for whom defendant had no responsibility and for whom they are not liable;

**26.**

FURTHER ANSWERING, defendant avers Complainant has failed to exhaust all administrative remedies;

**27.**

FURTHER ANSWERING, defendant avers Complainant's injuries, if any, were the result of the natural progression of his disease process and/or the natural deterioration of the aging process, and were unrelated to any actions, or failure to act, on behalf of defendant;

**28.**

FURTHER ANSWERING, defendant avers it is entitled to a set off for payments made from any and all collateral sources, settlement of claims by any other party arising from the facts alleged in the Complaint, and from any award of income and/or benefits to Complainant including but not limited to Medicare and/or Medicaid payments;

**29.**

FURTHER ANSWERING, defendant avers Complainant has failed to mitigate his damages;

**30.**

FURTHER ANSWERING, some of Complainant's claims are barred by doctrines and waivers, including estoppel, laches and ratification;

**31.**

FURTHER ANSWERING, defendant pleads the affirmative defense of the limitation of joint and several liable for damages caused by two or more persons, the contribution between joint

tortfeasors, the determination of percentage of fault, and the liability of medical defendants for economic and non-economic damages, as provided for in Miss. Code Ann. §85-5-7;

**32.**

FURTHER ANSWERING, defendant specifically pleads the limitations on non-economic damages in medical malpractice actions, as provided for in Miss. Code Ann. §11-1-60;

**33.**

FURTHER ANSWERING, defendant avers that at all times pertinent hereto, it, and its agents, servants, and employees at no time acted with malice, committed gross or reckless negligence that evinced willful or intentional or reckless disregard for the rights or safety of Willie Givens, and at all times pertinent hereto, defendant and its agents, servants and employees acted in good faith towards Complainant;

**34.**

FURTHER ANSWERING, defendant avers that any award of punitive damages would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and §14 of the Constitution of the State of Mississippi;

**35.**

FURTHER ANSWERING, defendant avers the criteria used for determining whether and in what amount punitive damages may be awarded are permissibly vague, imprecise, and inconsistent and are therefore, a violation of the due process clauses of the Fifth and Fourteenth Amendment to the Constitution of the United States;

**36.**

FURTHER ANSWERING, and in the alternative, defendant specifically pleads as an affirmative defense the limitations on punitive damages as provided for in Miss. Code Ann. §11-1-65;

**37.**

FURTHER ANSWERING, defendant avers that any award of punitive damages in this case would amount to an excessive fine in violation of the Constitution of the United States and §8 of the Constitution of the State of Mississippi.

**38.**

WHEREFORE, defendant, Southern Home Care Services, Inc. d/b/a All Ways Caring Homecare prays that this Answer be deemed good and sufficient and that after due proceedings are had, that there be judgment in its favor, dismissing Complainant's suit at Complainant's cost and prejudice.

Respectfully Submitted:

*/s/ James A. Holmes*
**JAMES A. HOLMES – BAR #105487**
**JOHN K. NIESET—BAR#105490**
**CHRISTOVICH & KEARNEY, LLP**
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6078
Tel: (504) 561-5700
jaholmes@christovich.com
jknieset@christovich.com
*Counsel for Defendant Southern Home Care*
*Services, Inc. d/b/a All Ways Caring Homecare*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been furnished

through the Mississippi Electronic Courts (MEC), electronic mail and/or U.S. Mail, to all counsel of record,

this 19th day of March 2021:

| | |
|---|---|
| W. Eric Stracener, Esquire (MSB #10429) | John E. Wade, Jr., Esq. (MSB #6850) |
| W. Andrew Neely, Esquire (MSB #102168) | Alston F. Ludwig, Esq.  (MSB #103241) |
| STRACENER & NEELY | BRUNINI, GRANTHAM, GROWER & |
| Post Office Box 4936 |  HEWES, PLLC |
| Jackson, MS  39296-4936 | Post Office Drawer 119 |
| Phone: (601) 206-0885 | Jackson, MS  39205 |
| Fax: (601) 500-5305 | Phone: (601) 948-3101 |
| Email: andrew@sn-law.net | Fax: (601) 960-6902 |
| Email: eric@sn-law.net | Email: jwade@brunini.com |
| | Email: aludwig@brunini.com |

 /s/James A. Holmes
James A. Holmes